**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01536-REB-KLM

MYRA BUYS,
MELINDA PACHELLO, and
TODD PACHELLO,

    Plaintiffs,

v.

THE CITY OF LONE TREE,
JACK HIDAHL,
MICHELLE KIVELA,
STEPHEN P. HASLER,
DAVID BROWN,
BRETT CALLAHAN, and
RONALD PINSON, individually and in their official capacities,

    Defendants.

**ORDER CONCERNING MOTION TO VACATE TRIAL DATE AND
MOTION TO RESET DISPOSITIVE MOTION DEADLINE**

**Blackburn, J.**

This matter is before me on the following: (1) the parties **Joint Motion To Vacate Trial and Related Dates** [#48][1] filed March 22, 2011; and (2) **Defendants' Motion To Set Dispositive Motion Deadlines** [#49] filed June 16, 2011. I grant the motion to vacate the trial date and deny the motion to set the dispositive motion deadline as moot.

This case concerns the plaintiffs' employment with the City of Lone Tree, Colorado. After this case was filed, plaintiff Melinda Pachello's (f/k/a Calvano)

---

[1] "[#48]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

employment with the city ended. After her employment with the city ended, Pachello submitted a supplemental claim of gender discrimination to the Colorado Civil Rights Division (CCRD). Pachello's supplemental claim is related closely to her other claims in this case. On January 5, 2011, the plaintiffs filed a motion to stay this case pending final action by the CCRD on Pachello's supplemental claim. Pachello indicated that she intended to amend the complaint in this case to assert a claim based on the termination of her employment once the CCRD issued a right to sue letter. On January 21, 2011, United States Magistrate Judge Kristen L. Mix entered an order [#47] granting a limited stay of this case pending action by the CCRD on Pachello's supplemental claim. To date, the CCRD has not issued a right to sue letter concerning the Pachello's supplemental claim of gender discrimination.

In their motion to vacate trial [#48] the parties describe how some discovery necessary in this case, particularly depositions, can be conducted more efficiently once the CCRD has issued a right to sue letter and Pachello has amended to complaint to assert her anticipated claim concerning the termination of her employment. The parties seek a continuance of the trial to allow time for the CCRD to complete its investigation, for Pachello to assert her anticipated new claim, and for discovery on that claim and all other claims to be completed.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are:

> (1) the diligence of the party requesting the continuance; (2) the likelihood

>  that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).  The present motion to vacate the trial date and related deadlines is unopposed and each of the four relevant factors weighs in favor of continuance.  In essence, it will be more efficient for the parties and the court to resolve the plaintiffs' closely related claims once Pachello's anticipated claim based on her supplemental claim of gender discrimination currently pending before the CCRD can be included among the claims pending in this case.  When the current trial date is vacated and the related deadlines are reset, the defendants' recent motion to set dispositive motion deadlines [#49] will be moot.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the parties **Joint Motion To Vacate Trial and Related Dates** [#48] filed March 22, 2011, is **GRANTED**;

      2.  That the Trial Preparation Conference set for September 30, 2011, at 2:00 p.m., and the trial set to begin October 17, 2011, at 8:30 a.m., both are **VACATED**, pending further order;

      3.  That any pending deadlines for filing motions under Fed. R. Civ. P. 702 and dispositive motions are **VACATED**;

      4.  That the magistrate judge is directed to conduct a new scheduling conference in this case on a date she determines to be appropriate and to reset the relevant deadlines at that scheduling conference;

5. That within two business days of the new scheduling conference conducted by the magistrate judge, counsel for the parties are instructed to contact the court's administrative assistant, **Susan Schmitz, at (303) 335-2350** to confirm any dates for the trial preparation conference and trial which may be set during the scheduling conference or, if no such dates are set at the scheduling conference, to reschedule the trial preparation conference and trial;

6. That the **Trial Preparation Conference Order** [#18] filed September 27, 2010, is **AMENDED** as stated in this order;

7. That otherwise, the **Trial Preparation Conference Order** [#18] filed September 27, 2010, **SHALL REMAIN** in full force and effect;

8. That with the consent of the magistrate judge, my reference [#50] of the **Defendants' Motion To Set Dispositive Motion Deadlines** [#49] June 16, 2011, is **WITHDRAWN**; and

9. That the **Defendants' Motion To Set Dispositive Motion Deadlines** [#49] June 16, 2011, is **DENIED** as moot.

Dated June 24, 2011, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge